OSCAR HEILMAN, Respondent, v. HILDE LEFFMAN, Appellant.

County Court, Monroe County, July 29, 1949.

*Arthur Rosenburg* for respondent.

*Joseph W. Martin* for appellant.

O'MARA, J. The defendant appeals from an order granted by the City Court of the City of Rochester upon plaintiff's motion to strike out the second affirmative and separate defense set forth in the defendant's answer upon the ground that the said defense is insufficient in law.

The plaintiff's cause of action is predicated upon the provisions of section 1444-a of the Civil Practice Act which said section was added by chapter 213 of the Laws of 1948, effective March 21, 1948, as amended. The said section reads in part as follows: " Where a tenant has been removed from any housing accommodations by action or proceeding to evict or recover possession, * * * and where a judgment or order removing such tenant was granted upon the ground that the landlord seeks in good faith to recover possession of such accommodations for his immediate and personal use, * * * and if such landlord * * * shall fail, after thirty days subsequent to removing such tenant on such grounds, to occupy such accommodations, or if such landlord shall lease or rent such space or permit occupancy thereof by a third person within a period of one year after such removal * * * such landlord shall be liable to the tenant for all damages sustained on account of such removal. * * * ,,

The premises in question come within the definition of " housing accommodations " as set forth in the said section.

Plaintiff alleges in his complaint that on and before the 8th day of March, 1948, the relationship of tenant and landlord existed between him and the defendant and that on or about the said date, the defendant obtained a judgment in the City Court of Rochester removing the plaintiff from the defendant's premises, which consisted of a living apartment, located in the city of Rochester, New York. The plaintiff further alleges that pursuant to the said judgment of eviction, but within the period

during which a stay of the warrant of eviction was granted by the City Court of Rochester but subsequent to the 21st day of March, 1948, he removed from the said premises. It is further alleged that the said judgment of eviction was sought and obtained by the defendant upon the ground that she, in good faith, desired possession of the premises in question for her immediate and personal use and that the defendant failed to occupy the said premises within thirty days subsequent to the date upon which the plaintiff surrendered possession of the said premises and that the defendant rented the said premises to a third person within one year subsequent to the date upon which the plaintiff surrendered possession. That by virtue of the aforesaid facts, the plaintiff seeks to recover damages against the defendant based upon the provisions of section 1444-a of the Civil Practice Act.

It is the contention of the defendant as set forth in her second affirmative and separate defense that the plaintiff's cause of action being founded upon the provisions of section 1444-a of the Civil Practice Act cannot be sustained for the reason that the defendant's judgment evicting the plaintiff was obtained on a date prior to the effective date of the said enactment and to hold otherwise would give a retroactive effect to the provisions of section 1444-a, thereby violating certain provisions of the Federal and State Constitutions.

The provisions of section 1444-a contemplate the happening of three essential events before the tenant's cause of action accrues and those three events may be listed as follows:

(1) A judgment or order removing the tenant.

(2) The removal of the tenant.

(3) Failure of the landlord to occupy the premises within thirty days subsequent to the removal date of the tenant or the leasing by the landlord of the said premises to a third person, within a period of one year subsequent to the date of the tenant's removal.

According to the plaintiff's complaint, the 2d and 3d of the said events occurred subsequent to the enactment of section 1444-a of the Civil Practice Act. The first event, namely, the judgment of eviction, occurred prior to the date of the said enactment and it is the contention of the defendant that the date of the judgment of eviction having occurred prior to the effective date of the provisions of section 1444-a, the plaintiff cannot succeed and that the plaintiff's motion should not have been granted. With this contention, I find myself in disagreement. The question of the defendant's good faith to recover

possession of the leased premises was not litigated and could not have been litigated at the time that the judgment of eviction was granted in the City Court of Rochester. The question of the defendant's good faith, under the provisions of the section in question, could not arise until after the expiration of thirty days from the date that the plaintiff surrendered possession of the premises and then only in the event the defendant failed to occupy the said premises for his immediate and personal use. If the defendant leased the said premises to a third person, the removed tenant might have to wait out a full year before instituting his cause of action.

To my mind on the facts in this case, the date of the tenant's removal is the all-important date in determining as to whether the plaintiff has a statutory cause of action pursuant to the provisions of section 1444-a of the Civil Practice Act. In other words, the date upon which the judgment of eviction was granted is not decisive in determining the plaintiff's cause of action even though the said date preceded the effective date of the section in question. The fact that the plaintiff peacefully surrendered possession of the premises makes no difference as long as the statutory requirement of a judgment of eviction had been obtained.

The order striking out the defendant's second affirmative and separate defense is hereby affirmed.

Submit order accordingly.